# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Michael Thornsbury,**
**Respondent Below, Petitioner**

**vs)  No. 17-0265** (Kanawha County 14-C-1749)

**West Virginia Consolidated Public Retirement Board,**
**Petitioner Below, Respondent**

**and**

**Dreama Thornsbury,**
**Respondent Below, Petitioner**

**vs)  No. 17-0280** (Kanawha County 14-C-1749)

**West Virginia Consolidated Public Retirement Board,**
**Petitioner Below, Respondent**

**FILED**

**February 9, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

In these consolidated appeals, Petitioner Michael Thornsbury, pro se, and Petitioner Dreama Thornsbury, by counsel Mark Hobbs, appeal the Circuit Court of Kanawha County's February 24, 2017, "Final Order Granting West Virginia Consolidated Public Retirement Board's Petition to Terminate Michael Thornsbury's Retirement Benefits." Respondent West Virginia Consolidated Public Retirement Board ("Board"), by counsel J. Jeaneen Legato, filed responses in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Factual and Procedural Background

This case concerns the termination of Petitioner Michael Thornsbury's retirement benefits as a result of rendering "less than honorable service" according to West Virginia Code

1

§§ 5-10A-1 through -10.[1] The Board petitioned the circuit court to terminate the taxpayer-funded portions of Mr. Thornsbury's pensions with the West Virginia Public Employee Retirement System and the West Virginia Judges' Retirement System as a result of Mr. Thornsbury's felony conviction in federal court. Mr. Thornsbury claimed that he was entitled to receive these monies despite his conviction. Additionally, Mr. Thornsbury's former wife, Petitioner Dreama Thornsbury, claimed entitlement to the marital portion of Mr. Thornsbury's retirement accounts according to two qualified domestic relations orders entered by the Circuit Court of Mingo County in connection with her divorce from Mr. Thornsbury. Ms. Thornsbury's claim regarding the pensions was entirely derivative of Mr. Thornsbury's claim as she was never a participant in either retirement system in her own right.

The relevant facts are as follows. Mr. Thornsbury has 2.15 years of service in the West Virginia Public Retirement System and 16.5 years of service in the Judges' Retirement System. In September of 2013, the federal government filed an Information in the United States District Court for the Southern District of West Virginia alleging that in March of 2013, while serving as the sole circuit court judge in Mingo County, Mr. Thornsbury conspired with other local public officials to prevent an informant/criminal defendant from further communicating with the Federal Bureau of Investigation ("FBI") regarding possible criminal activity by the Mingo County Sheriff. Mr. Thornsbury agreed to impose a lighter sentence on the informant in return for the informant discharging his legal counsel, who had previously facilitated the informant's communication with the FBI, and retaining legal counsel chosen by Mr. Thornsbury. The

---

[1] West Virginia Code § 5-10A-1 provides as follows:

> The Legislature finds and declares that every retirement plan instituted and created under the laws of this state has from the inception thereof contemplated and each now contemplates that the service rendered by any participating public officer or employee shall at all times be honorable. The Legislature further finds and declares that honorable service is a condition to receiving any pension, annuity, disability payment or any other benefit under a retirement plan.

In relevant part, "less than honorable service" is defined as "[c]onviction of a participant or former participant of a felony for conduct related to his or her office or employment which he or she committed while holding the office or during the employment[.]" *Id.* at § 5-10A-2(f)(2). Petitioners do not contest that Mr. Thornsbury's conviction meets this definition.

West Virginia Code § 5-10A-5(a) provides, in relevant part, that

> [t]he board shall terminate a participant's, former participant's or beneficiary's membership in any and all plans in which he or she is or has been a member and shall not thereafter pay any benefits to the participant, former participant or his or her beneficiaries . . . if a circuit court has determined that the participant or former participant rendered less than honorable service in accordance with section four of this article[.]

2

informant accepted Mr. Thornsbury's offer, fired his counsel, and retained Mr. Thornsbury's chosen counsel.

In this case, Mr. Thornsbury entered a plea agreement in October of 2013, in which he agreed to plead guilty to the felony offense of conspiracy against civil rights; resign from his office as a circuit court judge; and never seek nor serve in public office again. In June of 2014, the federal court adjudged Mr. Thornsbury guilty and sentenced him to fifty months in prison, three years of probation, and imposed a $6,000 fine. Mr. Thornsbury has no pending appeals related to his conviction and has an expected release date of March 15, 2018, from a federal prison in Florida.

The Board met in July of 2014, and decided to terminate Mr. Thornsbury's retirement benefits as a result of his conviction. Upon receipt of notice to such effect from the Board, Mr. Thornsbury exercised his right to demand that the Board seek a determination of his eligibility for pension benefits in the circuit court. Thereafter, on September 23, 2014, the Board filed a petition to terminate Mr. Thornsbury's retirement benefits in the Circuit Court of Kanawha County. Ms. Thornsbury was included as a respondent to the Board's petition. By order entered on February 24, 2017, the circuit court granted the Board's petition and terminated Mr. Thornsbury's membership in both his Public Employees' Retirement and Judges' Retirement plans. This appeal followed.

## Discussion

On appeal, petitioners argue that the circuit court erred in granting respondent's petition to terminate Mr. Thornsbury's pension benefits because (1) Mr. Thornsbury's pension vested on January 10, 2013, prior to his criminal conduct or his guilty plea; (2) the applicable statutes are unconstitutional; and (3) the Board accepted petitioners' qualified domestic relation orders with full knowledge of Mr. Thornsbury's conviction. Ms. Thornsbury raises an additional argument that equity entitles her to her portion of Mr. Thornsbury's retirement accounts.[2]

With respect to our standard of review for petitioners' arguments, we have held that "[t]his Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 4, *Burgess v. Porterfield*, 196 W. Va. 178, 469 S.E.2d 114 (1996). We have further held that "'[i]nterpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review.' Syllabus point 1, *Appalachian Power Co. v. State Tax Department of West Virginia,* 195 W.Va. 573, 466 S.E.2d 424 (1995)." Syl. Pt. 1, *W.Va. Pub. Ret. Bd. v. Weaver*, 222 W.Va. 668, 671 S.E.2d 673 (2008). Additionally,

---

[2] To be clear, petitioners appealed separately to this Court and filed separate briefs. However, with the exception of Ms. Thornsbury's final assignment of error concerning equity, petitioners make essentially the same challenges to the circuit court's order. Thus, we address their arguments together, but not in the order presented in their briefs.

[i]n considering the constitutionality of a legislative enactment, courts must exercise due restraint, in recognition of the principle of the separation of powers in government among the judicial, legislative and executive branches. Every reasonable construction must be resorted to by the courts in order to sustain constitutionality, and any reasonable doubt must be resolved in favor of the constitutionality of the legislative enactment in question. Courts are not concerned with questions relating to legislative policy. The general powers of the legislature, within constitutional limits, are almost plenary. In considering the constitutionality of an act of the legislature, the negation of legislative power must appear beyond reasonable doubt.

Syl. Pt. 1, *State ex rel. Appalachian Power Co. v. Gainer*, 149 W. Va. 740, 143 S.E.2d 351 (1965). With these standards in mind, we turn to petitioners' arguments.

Petitioners first contend the circuit court erred in terminating Mr. Thornsbury's pension benefits because his pension vested on January 10, 2013, prior to his felonious conduct or his guilty plea. Upon review of the applicable statute and our case law, we reject petitioners' argument. First, West Virginia Code § 5-10A-9 provides, in relevant part, as follows:

[T]he right to receive any benefit under a retirement plan, which right shall vest on or after the effective date of this article [1976], is hereby conditioned upon the full compliance and observance of the provisions hereof and the rendering of honorable service *throughout the service in public employment or public office* in respect of which such benefit is payable.

(Emphasis added). The Legislature referenced this same requirement in setting forth its findings and declarations for the statute, which provide that "service rendered by any participating public officer or employee shall *at all times* be honorable." *Id.* at § 5-10A-1, in relevant part, (emphasis added). Moreover, this Court has held that, "[a]t common law, as under W.Va. Code*,* 5–10A–1 to 5–10A–10 [1976], a public officer's or public employee's service must be honorable at all times, and if not, there is a total forfeiture of the public pension." Syl. Pt. 1, *W.Va. Pub. Emps. Ret. Sys. v. Dodd,* 183 W.Va. 544, 396 S.E.2d 725 (1990), *overruled on other grounds by Booth v. Sims*, 193 W.Va. 323, 456 S.E.2d 167 (1995). While overruling *Dodd* in certain respects, the Court in *Booth* reiterated that

[i]f an employee engages in misconduct during his or her public service, he or she may forfeit rights to collect a pension later. Insofar as [*Dodd*] holds that an employee's misconduct results in a forfeiture of the entire pension, it is still good law because the requirement of honorable service has been established in advance and has been made an explicit part of the entire bargain.

*Id.* at syl. pt. 9, in part; *see also*, *Weaver* 222 W.Va. 668, 671 S.E.2d 673; *Toney v. W.Va. Consol. Pub. Ret. Bd.*, No. 16-0440, 2017 WL 2492795 (W.Va. June 9, 2017) (memorandum decision).

Mr. Thornsbury began participating in the Public Employees' Retirement System in 1981, well after the enactment of West Virginia Code §§ 5-10A-1 through -10 in 1976, and participated in the Judges' Retirement System from 1998 to 2013. Based on the clear language of the statute, he was on notice from the beginning of his participation in these retirement systems that, for his pension to vest, his service must be honorable at all times throughout his public employment. His pension never vested because his service was not honorable at all times throughout his public service.

Petitioners also argue that forfeiture of Mr. Thornsbury's pension under West Virginia Code § 5-10A-9 violates multiple constitutional provisions. First, Mr. Thornsbury contends that he was denied due process because he requested, but was denied, a stay to pursue discovery necessary to examine the Board's actions regarding similarly-situated individuals. He asserts that discovery was necessary for him to receive a fair and just proceeding.

The procedure for termination of retirement benefits is set forth in West Virginia Code § 5-10A-3, which provides as follows:

> (a) Whenever a supervisory board, upon receipt of a verified complaint or otherwise, has reasonable cause to believe that a participant or former participant rendered less than honorable service as defined in section two of this article, it shall notify the affected participant, former participant or beneficiary that it believes that the participant or former participant rendered less than honorable service and that the participant, former participant or beneficiary is thereby ineligible to receive benefits. A supervisory board may not issue a notice:
>
> (1) If more than two years have elapsed since the judgment of conviction upon which the notice is based became final; or
>
> (2) In cases described in subdivision (3), subsection (f), section two of this article, if more than two years have elapsed since, as the case may be: The plea bargaining agreement or the grant of immunity; or
>
> (3) With respect to conduct which occurred prior to the effective date of this article.
>
> (b) The notice shall contain a concise statement of the reasons why the board believes that the participant or former participant rendered less than honorable service and shall be made either by personal service or by certified mail, return receipt requested, to the address which the participant, former participant or beneficiary maintains for purposes of corresponding with the board. If notice is made by certified mail, service shall be considered complete upon mailing and a completed receipt constitutes proof of the receipt of the notice. The notice shall inform the participant, former participant or beneficiary that he or she has the right to demand that the board seek a determination in circuit court of his or her eligibility for benefits and membership in the retirement plan by notifying the board of the demand within forty days. The notice shall also inform the

5

participant, former participant or beneficiary that the board will terminate the benefits in accordance with section four of this article and refund the participant's or former participant's contributions with interest, less benefits previously paid as provided in section six of this article if the participant, former participant or beneficiary either waives the right to demand that the board take the matter before the circuit court or fails to respond to the board's notice within forty days after service.

In the present case, the circuit court properly concluded that Mr. Thornsbury was not entitled to traditional discovery according to Rule 26 of the West Virginia Rules of Civil Procedure because this matter is an administrative proceeding governed by statute. In any event, we are persuaded by the Board's argument that there were no relevant documents that Mr. Thornsbury did not already possess. The documents relied upon by the Board concerning Mr. Thornsbury's conviction were public documents that the Board attached to its petition to terminate his benefits. With respect to documents concerning other public officials who were involved in Mr. Thornsbury's crime, we agree with the Board they were neither in the possession of the Board nor were they relevant to this administrative proceeding. Based on our review of the record, the Board followed the statutory procedure in seeking termination of Mr. Thornsbury's retirement benefits. Accordingly, we find no violation of Mr. Thornsbury's due process rights.

Second, petitioners contend that the forfeiture of Mr. Thornsbury's pension for "less then honorable service" under West Virginia Code § 5-10A-2 violates the constitutional guarantee of equal protection. As noted above, "less than honorable service" is defined as "[c]onviction of a participant or former participant of a felony for conduct related to his or her office or employment which he or she committed while holding the office or during the employment[.]" *Id.* at § 5-10A-2(f)(2). Petitioners base their equal protection argument on the premise that "similarly-situated" individuals convicted of misdemeanors do not forfeit their pensions. However, the fatal flaw in this argument is that Mr. Thornsbury was convicted of a felony, and, therefore, is not similarly situated to an individual convicted of a misdemeanor. Said another way, the statute here does not treat those convicted of felonies differently; Mr. Thornsbury was subjected to the same treatment as anyone else convicted of a felony. Indeed, this Court has recently rejected the very same argument petitioners make in this appeal. *See Toney,* No. 16-0440, 2017 WL 2492795 (W.Va. June 9, 2017) (memorandum decision) (holding that West Virginia Code § 5-10A-2(f)(2) treats all individuals who commit felonies related to their employment the same way, and, therefore, is not unconstitutional on equal protection grounds).

Petitioners' third and final constitutional challenge is that the statutes calling for termination of Mr. Thornsbury's retirement benefits constitute cruel and unusual punishment. This Court has previously addressed this challenge and rejected it. *See* Syl. Pt. 3, in part, *Dodd,* 183 W.Va. 544, 396 S.E.2d 725 ("The Act on the 'Disqualification for Public Retirement Plan Benefits,' *W.Va. Code,* 5–10A–1 to 5–10A–10 [1976], is not unconstitutional as cruel and unusual, or disproportionate, punishment (*W.Va. Const.* art. III, § 5)[.]"). We find no basis to deviate from this ruling in the present case.

Next, petitioners contend that the termination of Mr. Thornsbury's retirement benefits conflicts with the qualified domestic relations orders ("QDROs") entered by the Family Court of

Mingo County in connection with petitioners' divorce. Under the QDROs, Ms. Thornsbury is a beneficiary on both retirement accounts. Ms. Thornsbury claims that the QDROs entitle her to the money from the accounts because they were entered prior to both Mr. Thornsbury's conviction and the Board filing its petition to terminate his benefits. However, as the Board correctly argues, the timing of these events is inconsequential to the termination of Mr. Thornsbury's benefits. The QDROs serve only to control the payout percentage of retirement benefits to each party in the divorce in the event there are benefits to pay; they do not serve to restrict or prohibit the Board in its duty to seek termination of benefits when a participant, like Mr. Thornsbury, is convicted of a felony. The two matters -- entry of QDROs and the petition to terminate retirement benefits -- are separate and do not conflict in this case. Accordingly, we reject petitioners' argument in this regard.

In the final challenge to the termination of Mr. Thornsbury's retirement benefits, Ms. Thornsbury argues that "equitable principles" dictate that she should receive her share of the accounts. She contends that for thirty-six years of marriage, she contributed substantial homemaker and domestic services to the marriage, and did nothing wrong to warrant losing her share of the benefits. We do not find her argument compelling. It is undisputed that Ms. Thornsbury's entitlement as a beneficiary on the retirement accounts is entirely derivative of Mr. Thornsbury's entitlement to receive the benefits as she did not contribute any funds to either of the two plans at issue. Mr. Thornsbury undisputedly used his position as a circuit court judge to violate the constitutional rights of individuals appearing before him. Equity does not dictate that this Court ignore that fact and allow Ms. Thornsbury to benefit from his publically-funded retirement accounts.

## Conclusion

For the foregoing reasons, we affirm the Circuit Court of Kanawha County's February 24, 2017, "Final Order Granting West Virginia Consolidated Public Retirement Board's Petition to Terminate Michael Thornsbury's Retirement Benefits."

Affirmed.

**ISSUED:** February 9, 2018

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

7